# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 15, 2014

The Honorable Vincent Briccetti
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   *BOKF, NA et al. v. Momentive Performance Materials Inc. et al.*, Case No. 14-7492 (VB)

Dear Judge Briccetti,

On behalf of the Reorganized Debtors, we write in response to Appellants' letter submitted on December 12, 2014 [ECF No. 29].

Appellants argue that *Pineda Grantor Trust II v. Dunlap Oil Co., Inc. (In re Dunlap Oil Co.)*, No. AZ-14-1172, 2014 Bankr. LEXIS 4931 (B.A.P. 9th Cir. Dec. 5, 2014), a recent decision from the Ninth Circuit Bankruptcy Appellate Panel, both "undermines Appellees' motion to dismiss" and "separately supports the merits of Appellants' pending appeal." It does neither.

Unlike the Second Circuit, the Ninth Circuit places the "heavy" burden of proof with respect to equitable mootness on *appellees*. *In re Focus Media*, 378 F.3d 916, 922 (9th Cir. 2004). In contrast, in the Second Circuit, after the plan has been substantially consummated the burden is on the *appellant* to establish that its appeal is not equitably moot. Consequently, in determining that equitable mootness did not apply, the Panel in *Pineda* found, *inter alia*, that debtor-appellees in that case had failed to meet their burden because "[they] have not explained…what inequitable result might result to [third parties]." 2014 Bankr. LEXIS, at *29. Here, even though the burden of disproving equitable mootness rests with appellants and not with MPM, MPM has nonetheless demonstrated that numerous third parties would be affected by the requested relief. *See* Berger Dec., ¶¶ 7-15.

As to the cramdown issue, *Pineda* is unpersuasive because, unlike the Ninth Circuit, the Second Circuit in *In re Valenti*, 105 F.3d 55 (2d Cir. 1997) **rejected** a market test. *In re Valenti* is binding authority in this Circuit. *See In re MPM Silicones*, Case No. 14-22503-RDD, 2014 WL 4436335, at *24 (Bankr. S.D.N.Y. Sept. 9, 2014). Furthermore, in *Till* v. *SCS Credit Corp.* a plurality of the Supreme Court rejected a market-based methodology to determine the appropriate rate of

Hon. Vincent Briccetti
December 15, 2014
Page 2


interest, noting that such methodology was complicated, inappropriately allowed creditors to recover an element of profit over and above the value of their claims, and "aim[ed] to make each individual creditor whole rather than to ensure the debtor's payments have the required present value." 541 U.S. 465, 477 (2004). Thus, the Bankruptcy Court's application of the formula approach was required by governing precedent.

Respectfully submitted,

/s/ James C. Dugan


CC: All Counsel of Record (via the Court's CM/ECF system)